UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LEE SCOFIELD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-64 |
| | ) | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on the Motion for Summary Judgment on the Claims of Robert and Judy Scofield on Grounds of Judicial Estoppel [Doc. 156], filed by defendant Tennessee Valley Authority ("TVA"). Plaintiffs Robert and Judy Scofield (the "Scofields") have filed a response in opposition [Doc. 173]. TVA has filed a reply to the Scofields' response [Doc. 174]. The matter is ripe for determination.

The Court has carefully reviewed the pending motion, the responsive pleadings, and the supporting materials in light of the applicable law. For the reasons set forth herein, the Court will grant summary judgment in favor of TVA on the claims of the Scofields.

**I. Relevant Background**

On February 20, 2009, the Scofields, along with other plaintiffs, filed this action against TVA asserting claims for damages following the December 22, 2008 failure of a coal ash containment dike at TVA's Kingston Fossil plant in Roane County, Tennessee (the "KIF plant") [Doc. 1]. The Scofields, along with the other plaintiffs, participated in the filing of

several amended complaints, with the fourth amended complaint, the current operative pleading, being filed on January 12, 2010 [Doc. 99].

On December 23, 2009, the Scofields filed a Chapter 13 Voluntary Petition (the "Bankruptcy Petition") in the U.S. Bankruptcy Court for the Eastern District of Tennessee (Chattanooga) (the "Bankruptcy Court") [Doc. 157-1]. As exhibits to the Bankruptcy Petition, the Scofields filed Schedule B - Personal Property ("Schedule B") [Doc. 157-2], a Declaration Concerning Debtor's Schedules (the "Declaration of Schedules") [Doc. 157-3], and a Statement of Financial Affairs [Doc. 157-4]. On Schedule B, under the category "[o]ther contingent and unliquidated claims of every nature," the Scofields placed an "X" in the column headed "[n]one" [Doc. 157-2, p.2]. Item 4 of the Statement of Financial Affairs, required the Scofields to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." [Doc. 157-4, p. 2]. Next to item 4, the Scofields placed an "X" in the box labeled "[n]one" [*Id.*]. In both the Declaration of Schedules and the Statement of Financial Affairs, the Scofields declared, under penalty of perjury, that they had read each document and that each was true and correct [Doc. 157-3, p. 2; Doc. 174-4, p. 10].

On January 28, 2010, the Bankruptcy Court entered an Order Confirming Chapter 13 Plan (the "Bankruptcy Order") [Doc. 157-5]. The Bankruptcy Order made only a minor modification to the proposed Chapter 13 Plan filed by the Scofields on December 23, 2009 [*Id.*].

## II. Analysis

### A. Standard of Review

A court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). A court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Anderson*, 477 U.S. at 249. The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### B. The Positions of the Parties

In the motion for summary judgment, TVA contends that the Scofields' claims against TVA are barred by judicial estoppel because (1) the Scofields were required to list their claims against TVA in the documents submitted with their Bankruptcy Petition filed on December 23, 2009, (2) the Scofields did not do so, (3) and, on January 28, 2010, the Bankruptcy Court entered the Bankruptcy Order without the Scofields ever having revealed to the Bankruptcy Court their claims against TVA.

In response, the Scofields contend that judicial estoppel is not appropriate in this case because the non-disclosure of their claims against TVA was due to mere mistake and/or inadvertence and because they advised their bankruptcy attorney of the pending lawsuit [Doc. 173-1]. The Scofields also assert that they have cured their mistake and have submitted amended bankruptcy documents which now reflect their claims against TVA. The amended bankruptcy documents include an amended Schedule B and an amended Statement of Financial Affairs [Doc. 173-2]. Under the category "[o]ther contingent and unliquidated claims of every nature," amended Schedule B states that the Scofields have a "pending against TVA: Value unknown, est. $500,000.00," with a "current value" of $1.00 [*Id.*, p. 2]. The amended Statement of Financial Affairs now lists the Scofields' claims against TVA under Item 4 [*Id.*, p. 7].

In reply, TVA asserts that the Scofields' assertion that they advised their bankruptcy attorney of their claims against TVA and their submission of the amended bankruptcy documents are insufficient to defeat summary judgment.

4

### C. Judicial Estoppel

On facts similar to those presented in this case, this Court noted that:

> Judicial estoppel "bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as a part of a final disposition.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). The purpose of the doctrine of judicial estoppel is to preserve "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Browning*, 283 F.3d at 776 (quoting *Teledyne Indus. Inc.*, 911 F.2d at 1218). However, the doctrine of judicial estoppel "should be applied with caution to 'avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.'" *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004) (quoting *Teledyne Indus., Inc.*, 911 F.2d at 1218)). The doctrine of judicial estoppel is inappropriate in cases of mistake or inadvertence. *Browning*, 283 F.3d at 776.

*White v. Wyndham Vacation Ownership, Inc.*, No. 3:08-CV-405, 2009 WL 1074800 (E.D. Tenn. Apr. 21, 2009), *aff'd*, 617 F.3d 472 (6th Cir. 2010).

It is "well-settled" that debtors have a continuing duty to disclose all potential causes of action and that disclosure obligations of consumer debtors are "at the very core of the bankruptcy process." *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005) (citations omitted). The U.S. Court of Appeals for the Sixth Circuit has recognized that "pursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel." *Lewis*, 141 F. App'x at 425. There is no dispute that the Scofields have asserted a position in this case that is contrary to the position they took under penalty of perjury in their Bankruptcy Petition and that the

Bankruptcy Court adopted the contrary position as a preliminary matter in approving the Scofields' proposed Chapter 13 Plan in the Bankruptcy Order, issued on January 28, 2010.

The failure to disclose a cause of action in a bankruptcy proceeding may be deemed inadvertent, however, where (1) "the debtor lacks the knowledge of the factual basis of the undisclosed claims," or (2) "the debtor has no motive for concealment." *Browning*, 283 F.3d at 776 (citing *In re Coastal Plains*, 179 F.3d 197, 210 (5th Cir. 1999)). In *Eubanks*, the Sixth Circuit noted that the "absence of bad faith," was also a factor to consider in determining whether it was appropriate to grant judicial estoppel. 385 F.3d at 895. The *Eubanks* court found it particularly significant that the plaintiffs had made "numerous attempts" through their counsel to advise the bankruptcy court and the trustee of their claim, and, therefore, there was no evidence of "motive or intention" to conceal the potential claim. *Id.* at 898-99. *See Lewis*, 141 F. App'x at 426 (describing the measures taken by the plaintiffs in *Eubanks*).

In this case, there is no question that the Scofields had knowledge of the factual basis of their claims against TVA at the time of their Bankruptcy Petition. The Scofields' initial complaint against TVA, which describes the factual basis of their claims, was filed ten months before the filing of their Bankruptcy Petition [*see* Doc. 1]. The Scofields' fourth amended complaint was filed less than a month after their Bankruptcy Petition [*see* Docs. 99, 157-1]. In addition, the Sixth Circuit has noted that "[i]t is always in a Chapter 13 petitioner's interest to minimize income and assets." *Lewis*, 141 F. App'x at 426 (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002)).

Even if the Scofields did not lack knowledge of their claims against TVA and had a motive to conceal them, the Scofields may still demonstrate that the non-disclosure of their claims in the Bankruptcy Petition was in good faith and was in all likelihood inadvertent if it can be shown that they engaged in "constant affirmative actions" which would "clearly establish a desire to apprise the court of the pending claim[.]" *Eubanks*, 385 F.3d at 899 n.2.

Ms. Scofield states in her declaration that the "[w]e informed our bankruptcy attorney . . . that we had a claim pending against the Tennessee Valley Authority." [Doc. 173-1]. However, even when construed most favorably toward the Scofields, this single statement simply does not rise to the level of "constant affirmative" efforts sufficient to establish good faith as in *Eubanks* or run contrary to conduct establishing a motive to conceal. There is no date given in the declaration as to when the bankruptcy attorney was informed of the Scofields' claims against TVA, no explanation for why the bankruptcy attorney did not, if aware of the claims, convey the claims to the Bankruptcy Court or amend the Bankruptcy Petition, and no indication that the Scofields themselves made any timely attempt to rectify the omission. *See Lewis*, 141 F. App'x at 427. In addition, the Scofields in this matter have not provided an explanation as to why the bankruptcy attorney did not include the claims despite their attorney having requested, and been granted, additional time to respond to TVA's motion in order "to meet with the plaintiffs, their bankruptcy attorney, and the Trustee in bankruptcy to ascertain the facts." [Doc. 165, p. 2].[1] The Sixth Circuit has also

---

[1] In support of this request for an extension of time, the Scofields provided the same declaration by Ms. Scofield that was attached to plaintiffs' response to TVA's motion [*see* Docs.

7

recognized that "although the '[debtor's] attorney failed to list [the debtor's] discrimination suit on the schedule of assets despite the fact that [the debtor] specifically told him about the suit, the attorney's omission is no panacea.'" *Lewis*, 141 F. App'x at 427 (alteration in original) (quoting *Barger v. City of Cartersville, Georgia*, 348 F.3d 1289, 1295 (11th Cir. 2003)). In other words, a party is bound by the errors of his or her attorney. *Id.* at 427-28. Finally, the fault for no including the claims in the Bankruptcy Petition filings cannot lie solely with the bankruptcy attorney as the Scofields signed both the Declaration of Schedules and the Statement of Financial Affairs. By signing, the Scofields swore, under penalty of perjury, that the filings were true and correct. *See White*, 617 F.3 at 484.

The fact that the Scofields have now filed an amended Schedule B and an amended Statement of Financial Affairs listing the Scofields' claims against TVA also does not establish inadvertence or mistake [Doc. 173-2]. These amendments to the documents filed with the Bankruptcy Petition were made only after TVA filed its motion for summary judgment based on judicial estoppel. Under similar circumstances, other federal courts have noted:

> [t]he success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that the debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary

---

165, 167]. No additional declarations, affidavits, or other exhibits, beyond the amended bankruptcy documents, were filed in response to TVA's motion.

> incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.

*Tyler v. Fed. Express Corp.*, 420 F. Supp. 2d 849, 859 (W.D. Tenn. 2005) (alteration in original) (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002)); *White*, 617 F.3d at 481 ("We will not consider favorably the fact that [the plaintiff] updated her initial filings after the motion to dismiss was filed."). Accordingly, the Scofields' amended bankruptcy documents, submitted after TVA filed the present motion, fail to establish inadvertence or mistake in this matter.

In sum, the actions of the Scofields in the present case do not rise to the level of the actions taken by the plaintiffs in *Eubanks*. The Scofields' single assertion that they informed the bankruptcy attorney of their claims against TVA and the amendments to their Bankruptcy Petition after the filing of TVA's motion for summary judgment simply do not show that the non-disclosure of their claims was the result of mere mistake or inadvertent conduct. Accordingly, the Court believes that judicial estoppel is appropriate.

## III. Conclusion

For the reasons stated above, TVA's motion for summary judgment [Doc. 156] is **GRANTED** in favor of TVA and the Scofields' claims in this action are **DISMISSED** pursuant to Federal Rule of Civil Procedure 56(c).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE